Michael J. DiMattia (MJD 0438)
Philip A. Goldstein (PAG 0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
WANG KE SHU, YI ZHAO RUAN, WEN HUI LUO,
MICHAEL CHEUNG, LIN HONG HE, LIN SHAN
NUAN, YONG JIE CHEN, SEN HA CHEN,
KAM TONG MAK, RUI GUAN CHEN, HANG YI
CHEN, FEI HONG CHEN,

                 Plaintiffs,

               v.

JING FONG RESTAURANT, INC., SHUI LING
LAM, CHUN TSUI, CHUNG KO CHENG, POK
MAN LEUNG, and CHEN KWOK CHENG,

                 Defendants.
------------------------------------------------------------ X

:
:   Case No.  Civ
:
:   **NOTICE OF REMOVAL**
:
:
:
:
:
:
:
:
:
:
:
:



08 CIV 7340

RECEIVED
AUG 19 2008
U.S.D.C. S.D. N.Y.
CASHIERS

TO THE CLERK OF THE COURT:

       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and

1446, Defendants Jing Fong Restaurant, Inc., ("Jing Fong") Shui Ling Lam, Chun Tsui, Chung

Ko Cheng, Pok Man Leung and Chen Kwok Cheng ("Individual Defendants"), (collectively

called "Defendants"), by and through their attorneys, remove to this Court the action described

below:

       1.     On or about May 16, 2008, Plaintiffs Wang Ke Shu, Yi Zhao Ruan, Wen Hui Lo,

Michael Cheung, Lin Hong He, Lin Shan Nuan, Yong Jie Chen, Sen Ha Chen, Kam Tong Mak,

Rui Guan Chen, Hang Yi Chen and Fei Hong Chen ("Plaintiffs") filed a summons and complaint

in the Supreme Court of the State of New York, County of New York, Index No. 08-106857,

entitled <u>Wang Ke Shu et al. v. Jing Fong Restaurant, Inc., et al</u>. (A copy of the summons and complaint are attached hereto as Exhibit A). The summons and complaint were served on Jing Fong via personal service on July 30, 2008.

2.      In the Complaint, Plaintiffs seek to recover for damages for alleged violations of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>, as well as for alleged violations of the New York Labor Law and breach of contract.

3.      Plaintiffs' Complaint presents a federal question for determination, <u>i.e.</u>, whether Defendants violated the FLSA. Accordingly, this case is a civil action over which this District Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441 <u>et seq.</u> in that it arises under the FLSA. Indeed, Plaintiffs concede that federal jurisdiction is proper in the federal action pursuant to 28 U.S.C. § 1331 and that venue is proper in the Southern District of New York. (Exhibit A, ¶¶ 10 and 11).

4.      Claims brought under the FLSA are removable to federal court. <u>Breuer v. Jim's Concrete of Brevard, Inc.</u>, 538 U.S. 691, 123 S.Ct. 1882 (2003).

5.      Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.      Defendants are also currently parties in a lawsuit currently pending against them in the United States District Court for the Southern District of New York, No. 08-CV-5404, entitled, <u>Fei Hang Chen et al. v. Jing Fong Restaurant, Inc. et al</u>. (A copy of the federal complaint is attached hereto as Exhibit B). The federal action seeks to recover for damages for

\6482386.1

violation of the FLSA and the New York Labor Law as well as for compensation as third party

beneficiaries of contracts. (Exhibit B, pp. 7-14)

7.      Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of

the same case or controversy under Article III of the United States Constitution."

8.      This Court has supplemental jurisdiction over the claims in Plaintiffs' state action

because those claims form part of the same case or controversy as the federal action.  Both the

state complaint and federal complaint allege violations of the FLSA.  (Exhibit A, pp. 9-13;

Exhibit B, pp. 7-13)  Both actions also allege violations of New York State Labor Laws.

(Exhibit A pp. 10-14; Exhibit B, pp. 7-13).  Therefore, Plaintiffs' state and federal actions form

part of the same case or controversy, and this Court also has supplemental jurisdiction over the

state complaint.

9.      This Notice of Removal is timely filed.  Under 28 U.S.C. § 1446(b), the Notice of

Removal is to be filed within thirty days of receipt of the initial pleading setting forth the claim.

Jing Fong received the summons and complaint by personal service on July 30, 2008.  Therefore,

removal is timely as Jing Fong was served less than thirty days before the date of removal and

the Individual Defendants have not been served properly.

10.     Defendants will cause notice of this removal to be filed with the Supreme Court

of the State of New York, County of New York.  A copy of Defendants' Notice of Filing of

Notice of Removal to Federal Court is attached hereto as Exhibit C.

11.     By filing this Notice of Removal, Defendants do not waive any defenses either

procedural or substantive, which may be available to it, specifically including, but not limited to,

\6482386.1

its right to contest in personam jurisdiction, improper service of process or the absence of venue

in this Court or in the court from which the action has been removed.

Dated: New York, New York
     August 19, 2008

                        McGUIREWOODS LLP

By:                              

                        Michael J. DiMattia (MJD 0438)
                        Philip A. Goldstein (PAG 0908)
                        McGuireWoods LLP
                        1345 Avenue of the Americas, 7th Floor
                        New York, New York 10105-0106
                        (212) 548-2100
                        Attorneys for Defendants

\6482386.1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
WANG KE SHU, YI ZHAO RUAN, WEN HUI LUO,     :
MICHAEL CHEUNG, LIN HONG HE, LIN SHAN NUAN, :
YONG JIE CHEN, SEN HA CHEN, KAM TONG MAK,   :     Index No.
RUI GUAN CHEN, HANG YI CHEN, FEI HONG CHEN  :
                                            :
                    Plaintiffs,             :     **COMPLAINT**
                                            :
            -against-                       :
                                            :
JING FONG RESTAURANT, INC., SHUI LING LAM,  :
CHUN TSUI, CHUNG KO CHENG, POK MAN LEUNG,   :     08106857
CHEN KWOK CHENG,                            :
                                            :
                    Defendants.             :
                                            :
-----------------------------------------------------------------X

~~FILED~~

~~MAY 16 2008~~
~~COUNTY CLERKS OFFICE~~
~~NEW YORK~~

Plaintiffs, by their attorneys, Justin A. Zeller, Esq. of The Law Office of Justin A.

Zeller, P.C., and John S. Yong of The Law Office of John S. Yong, as and for their

complaint against Defendants, upon information and belief, respectfully allege as

follows:

## PRELIMINARY STATEMENT

1.      This is a proceeding to recover damages for violations of Federal and New

York law governing minimum wages, overtime pay and the ownership of gratuities.

2.      The Plaintiffs worked as waiters at the Jing Fong Restaurant, Inc. ("Jing

Fong"), owned and operated by the individual Defendants in New York, New York. Jing

Fong was the subject of litigation in 1997 raising the same issues raised here.

3.      The 1997 litigation was settled with a monetary payment to the employees and

an assurance Jing Fong would comply with all applicable federal and state minimum

wage and tip allocation laws. Jing Fong has ignored its promise to comply with the law,

and ignored the laws that protect workers like the Plaintiffs, compelling Plaintiffs to bring this action to recover damages and to obtain an injunction against future violations.

4.     As described herein, Defendants failed to pay Plaintiffs minimum wages and overtime wages as required under state and federal law.

5.     Defendants also illegally retained a portion of gratuities that the Plaintiffs earned during their employment and were entitled to retain.

6.     In addition, Defendants illegally imposed an involuntary tip pooling system that allocated tips pursuant to the discretion of the Defendants rather than determination by the recipients of the tips.

7.     Finally, Defendants failed to reimburse Plaintiffs for the costs of purchasing and cleaning required uniforms, in violation of state and federal law.

8.     Defendants committed each of these actions in willful violation of their legal obligations and in violation of the terms of Jing Fong's October 1997 Settlement Agreement in the prior litigation Chan v. Jing Fong Restaurant, Inc., 97 Civ. 0388 (JSR) and its Assurance of Discontinuance with the Attorney General of the State of New York, under which Jing Fong promised to abide by relevant sections of the New York State Labor Law.

9.     Due to Defendants' continuing violations of federal and state law and the breach of their promises under the Settlement Agreement and Assurance of Discontinuance, Plaintiffs are entitled to: (1) unpaid minimum wages; (2) unpaid overtime differential; (3) reimbursement for gratuities unlawfully retained or distributed by Defendants; (4) reimbursement for the costs of purchasing and/or cleaning required uniforms; (5) liquidated damages; and (6) attorney's fees and costs as provided by statute.

2

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. § 1331.

11.     Venue is proper in New York County Southern District of New York pursuant to Article 5 of the CPLR.

## PARTIES

### Plaintiffs

12.     Plaintiff Wang Ke Shu was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 15, 2002 to February 1, 2004.

13.     Plaintiff Yi Zhao Ruan was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 15, 2002 to December 20, 2004.

14.     Plaintiff Wen Hui Luo was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 15, 2002 to February 1, 2004.

15.     Plaintiff Michael Cheung was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 2002 to February 2004.

16.     Plaintiff Lin Shan Nuan was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 2002 to December 8, 2004.

17.     Plaintiff Lin Hong He was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 2002 to February 2004.

18.     Plaintiff Yong Jie Chen was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 15, 2002 to February 1, 2004.

19.     Plaintiff Sen Ha Cheng was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 15, 2002 to February 1, 2004.

3

20.     Plaintiff Kam Tong Mak was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 15, 2002 to February 1, 2004.

21.     Plaintiff Rui Guan Chen was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 15, 2002 to December 20, 2004.

22.     Plaintiff Hang Yi Chen was employed by the Defendants as a waiter at Jing Fong Restaurant from approximately May 15, 2002 to December 8, 2004.

23.     Plaintiff Fei Hong Chen was employed by the Defendant as a waiter at the Jing Fong Restaurant from approximately May 15, 2008 to Fenruary 1, 2004.

**Defendants**

24.     Upon information and belief, Jing Fong Restaurant, Inc. is a New York corporation with a principal place of business at 20 Elizabeth Street, New York, New York.

25.     Upon information and belief, Jing Fong Restaurant, Inc. operated a restaurant that does business under the name "Jing Fong Restaurant" at 20 Elizabeth Street, New York, New York.

26.     Defendant Shui Ling Lam, on information and belief, is an owner, shareholder, and Chair of the Board of Jing Fong Restaurant, Inc.  On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, establish their wages, set their work schedules, and maintain their employment records.

27.     Defendant Yau Ming Lam, on information and belief, is an owner, shareholder, and General Manager of Jing Fong Restaurant, Inc.  On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire

employees at the Jing Fong Restaurant, establish their wages, set their work scheduled, and maintain their employment records.

28.     Defendant Chun Tsui, on information and belief, is an owner and manager of Jing Fond Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, establish their wages, set their work scheduled, and maintain their employment records.

29.     Defendant Chung Ko Chen, on information and belief, is an owner and manager of Jing Fond Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, establish their wages, set their work scheduled, and maintain their employment records.

30.     Defendant Pok Man Leung, on information and belief, is an owner and manager of Jing Fond Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, establish their wages, set their work scheduled, and maintain their employment records.

31.     Defendant Chen Kwok Cheng, on information and belief, is the executive manager of Jing Fond Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, his duties included hiring and firing employees at the Jing Fong Restaurant, establishing their wages, setting their work schedules, and maintaing their employment records.

5

## STATEMENT OF FACTS

32.     Plaintiffs have been employed as waiters by Defendants at the Jing Fong Restaurant beginning at various times as early as approximately May 15, 2002.

33.     The Defendants are aware of federal and state labor law requirements regarding minimum wage and tip distribution, and have been found guilty of violating them before.

34.     In January 1997, the Attorney General of the State of New York brought a proceeding against Defendant Jing Fong Restaurant, Inc. for violations of New York State labor laws relating to its wage and tipping payment practices.  A group of waiter-employees brought a companion suit in this Court alleging violations of both federal and state labor laws.

35.     On or about October 29, 1997, Defendant Jing Fong Restaurant, Inc. entered into an Assurance of Discontinuance Pursuant to Executive Law Section 63(15) (the "Assurance of Discontinuance") with the Attorney General of the State of New York.

36.     On or about October 30, 1997, Defendant Jing Fong Restaurant, Inc. entered into a Settlement Agreement with the group of Jing Fong waiter-employees in regard to the suit brought in this Court.

37.     The Assurance of Discontinuance and Settlement Agreement required Jing Fong to pay $1,145,000 in restitution and damages to the Attorney General to be distributed to Jing Fong waiters and busboys employed at the restaurant during the relevant time.

38.     The Assurance of Discontinuance required Jing Fong to refrain from all violations of Labor Law Section 652(2) and 12 N.Y.C.R.R. Sections 137-1.3 and 137-1.4,

and pay all persons employed by the restaurant the proper minimum wage and overtime wage required by law.

39.    The Assurance of Discontinuance required Jing Fong to refrain from all violations of Labor Law Section 196-d and explicitly obligates Jing Fong not to accept or retain, directly or indirectly, any part of the gratuities received by any employee of the restaurant; not to direct or participate in the tip collection and distribution process, and mandates that the tip distribution process be solely determined by and operated by all of the directly tipped employees at the restaurant.

40.    As part of its settlement of claims, Jing Fong agreed to refrain from all violations of the FLSA 29 U.S.C. §§ 201 et seq., and New York Labor Law §§ 190 et seq. and §§ 650 et seq., and § 215 and to pay the plaintiffs proper minimum wages and overtime. The Settlement Agreement also provides that if Jing Fong intends to take the tip credit, it must inform plaintiffs of section 203(m) of the FLSA; must not demand, accept, or retain, directly or indirectly, any of the tips received by plaintiffs, nor direct or participate in the tip collection and distribution process; must not deduct money from plaintiffs' wages without their written consent; must maintain wage and hour records for plaintiffs, and must reimburse plaintiffs for the cost and maintenance of uniforms.

41.    At all relevant times, the Fair Labor Standards Act, 29 U.S.C. § 206, has required the Defendants to pay the Plaintiffs a minimum wage of $5.15 per hour.

42.    At all relevant times, the New York Minimum Wage Act, N.Y. Lab. Law §652, has required Defendants to pay Plaintiffs minimum wages of $5.15.

43.    Defendants have not explained nor notified Plaintiffs of the existence and requirements of federal law relating to tip credits or tip allowances.

44.    Defendants have not, as required by law, notified the Plaintiffs of their intention to pay the Plaintiffs less than the full minimum wage on the basis of the applicable statutory and regulatory provisions relating to the tip credit and tip allowance.

45.    Defendants have willfully paid Plaintiffs for their services and labor at hourly rates below the applicable minimum hourly wages in violation of the Fair Labor Standards Act and the New York Minimum Wage Act.

46.    At all relevant times, state law, 12 N.Y.C.R.R. 137-1.3, has required Defendants to pay Plaintiffs overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty (40) hours per week.

47.    As Defendants' employees, Plaintiffs frequently worked in excess of forty (40) hours per week.

48.    Defendants have willfully paid Plaintiffs at a rate that is less than one and a half times their regular rates or the minimum wage, the minimum regular rate of pay to which Plaintiffs are entitled.

49.    During the time that Plaintiffs have worked at the Jing Fong Restaurant, customers have routinely left gratuities to the Plaintiffs for their service.

50.    Defendants have willfully and unlawfully retained a portion of the gratuities earned by Plaintiffs while serving Jing Fong Restaurant customers.

51.    Plaintiffs also regularly worked at banquets and large parties at which customers paid gratuities to the Plaintiffs for their service.

52.    Defendants have willfully and unlawfully retained a portion of those gratuities in violation of New York Labor Law.

53.    Defendants have willfully and unlawfully exercised control over the tip collection and distribution process in violation of state law.

54.    Defendants have willfully and unlawfully imposed tip pooling on Plaintiffs without plaintiffs' consent and Defendants determined shares of tips per tipped employee in violation of state law.

55.    During their employment by Defendants, the Plaintiffs have been required to wear uniforms during each shift they worked.

56.    Defendants have willfully failed to reimburse Plaintiffs for the expenses Plaintiffs incurred in purchasing and cleaning these required uniforms in violation of New York Labor Law.

## FIRST CAUSE OF ACTION
### Minimum Wages Under the Fair Labor Standards Act

57.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

58.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

59.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

60.    Defendants failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

61.    Due to Defendants' Fair Labor Standards Act violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages plus liquidated damages equal to their back-pay award and reasonable attorneys' fees and costs of the action.

9

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

62.     Plaintiffs repeat and reallege all the allegations in the paragraphs above.

63.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

64.     Defendants failed to pay Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, N.Y. Lab. Law § 652.

65.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages equal to one-quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest.

## THIRD CAUSE OF ACTION
### Overtime Wages Under the Fair Labor Standards Act

66.     Plaintiffs repeat and reallege all the allegations in the paragraphs above.

67.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

68.     At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

69.     Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) per week at a wage rate of one and one-half times the regular rate to which plaintiffs were entitled under 29 U.S.C. § 206(a), in violation of 29 U.S.C. § 207(a)(1).

10

70.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages plus liquidated damages equal to their back-pay award and reasonable attorneys' fees and costs of the action pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

71.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

72.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

73.    Defendants failed to pay Plaintiffs overtime wages for all hours worked in excess of forty (40) per week at a wage rate of one and one-half times the regular rate to which plaintiffs were entitled in violation of 12 N.Y.C.R.R. 137-1.3.

74.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, liquidated damages equal to one quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest.

## FIFTH CAUSE OF ACTION
### Tip Credit Claim Under the Fair Labor Standards Act

75.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

76.    At all times relevant to this action, Plaintiffs were "tipped employee[s]" within the meaning of 29 U.S.C. § 203(t).

77.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

11

78.    Defendants illegally retained a portion of the tip pool in violation of 29 U.S.C. § 203(m).

79.    Defendants failed to inform Plaintiffs of the provisions of 29 U.S.C. §203(m).

80.    Due to Defendants' Fair Labor Standards Act violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the full minimum wage and overtime pay in addition to gratuity payments that were retained by Defendants plus liquidated damages equal to their monetary award and reasonable attorneys' fees and costs of the action pursuant to the Fair Labor Standards Act.

## SIXTH CAUSE OF ACTION
### Claim for Retained Gratuities Under New York Labor Law

81.    Plaintiffs repeat and reallege all allegations in the paragraphs above.

82.    At all times relevant to this action, Plaintiffs were employed by Defendants as waiters and received from customers gratuities for their services.

83.    At all times, Defendants controlled the tip collection and distribution process in violation of New York Labor Law § 196-d.

84.    Defendants demanded and retained a portion of the gratuities in violation of New York Labor Law § 196-d.

85.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the gratuity payments that were retained by Defendants, liquidated damages equal to one quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest pursuant to New York Labor Law § 198.

12

## SEVENTH CAUSE OF ACTION
### Claim Gratuities Controlled and Distributed by Defendants
### Under FLSA and New York Labor Law

86.    Plaintiffs repeat and reallege all allegations in the paragraphs above.

87.    At all times relevant to this action, Plaintiffs were employed by Defendants as waiters and received from customers gratuities for their services.

88.    At all times, Defendants controlled the tip collection and distribution of tip shares or amounts in violation of New York Labor Law § 196-d and FLSA, 29 U.S.C. § 203(m).

89.    Due to Defendants' violations, Plaintiffs who are waiters are entitled to recover from Defendants, jointly and severally, damages in the amount of the unequal gratuity payments that were given to waiters and other employees by Defendants, liquidated damages and reasonable attorneys' fees and costs of the action, including interest pursuant to New York Labor Law § 198 and FLSA 29 U.S.C. § 216(b).

## EIGHTH CAUSE OF ACTION
### Reimbursement for Required Uniforms Under New York Labor Law

90.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

91.    Defendants required Plaintiffs to purchase and maintain uniforms but failed to reimburse them for these uniform-related expenses or to compensate them according to the New York Labor Law and the New York Minimum Wage Act and its regulations, specifically 12 N.Y.C.R.R. § 137-1.8 and 29 U.S.C. 2006.

92.    Due to Defendants' violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the legally required reimbursements for the maintenance of uniforms, the cost of purchasing such uniforms,

liquidated damages, and reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 663(1) and 29 U.S.C. § 216(b).

## NINTH CAUSE OF ACTION
### Breach of Contract Under New York Law

93.      Plaintiffs repeat and reallege all the allegations in paragraphs 1-68 above as if set forth here in full.

94.      Defendants have failed to pay Plaintiffs the proper minimum wage as required by law.  Defendants have also retained a portion of the gratuities received by employees of the restaurant; and have directed and participated in the tip collection and distribution process, preventing the restaurant's tipped employees from solely determining and operating the tip collection and distribution.

95.      All of the acts or omissions listed in the paragraph above are in breach of Defendants' October 1997 Settlement Agreement and Assurance of Discontinuance.

96.      Jing Fong Restaurant, Inc., and Defendants Shui Ling Lam, Chung Ko Cheng, Pok Man Leung and Chun Tsui, have willfully violated the terms of the Settlement Agreement and Assurance of Discontinuance through the actions described above.

97.      Due to Defendants' breach of their contractual obligations under the October 1997 Settlement Agreement and Assurance of Discontinuance, Plaintiffs are entitled to recover from Defendants, jointly and severally, compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully prays this Court award them the following:

a.    Plaintiffs' unpaid minimum wages due under the New York Minimum Wage Act, the New York Labor Law and its regulations and the Fair Labor Standards Act.;

b.    Plaintiffs' unpaid overtime wages due under the New York Labor Law and its regulations and the Fair Labor Standards Act.;

c.    An amount equal to the portion of table service and banquet gratuities unlawfully retained by Defendants due under New York Labor Law and the Fair Labor Standards Act.;

d.    An amount equal to the portion of table service and banquet gratuities unlawfully distributed by Defendants due under New York Labor Law and the Fair Labor Standards Act.;

e.    An amount equal to the reimbursable amount due under the New York Labor Law and its regulations for required uniform purchase and maintenance;

f.    Liquidated damages pursuant to New York Labor Law §§ 198(1-a), 663(1) and § 216(b) of the Fair Labor Standards Act.;

g.    Compensatory damages for Defendants' willful breach of the Settlement Agreement and Assurance of Discontinuance;

h.    Prejudgment interest; and

i.    The costs of this action, together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.


DATED:    New York, NY
          May 15, 2008.

THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14th Street, 5th Floor
New York, NY 10011
Tel: (212) 229-2249
Fax: (212) 229 2249


JUSTIN A. ZELLER
JZ 7094

# EXHIBIT B



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

FEI HANG CHEN, TAI HO WAN, LAN LIN,
WEI JIAN MA, HONG HUI SU, DANNY WONG
a/k/a TIN CHO WONG, WAN YA WONG, WEI HUA WU,
XUE BIN ZHANG, YING JUN ZHAO, ZEN QUAN ZHAO,
ZHONG LIU, and YOU SI HUANG,

                               Plaintiffs,

      - against -

JING FONG RESTAURANT, INC., SHUI LING LAM,
YAU MING LAM, CHUN TSUI, CHUNG KO CHENG,
POK MAN LEUNG, and K. MING LAM,

                           Defendants.

----------------------------------------------------------x

**ECF Case**

**Case No. 08-CV-5404 (DC)**

**FIRST AMENDED
COMPLAINT**

## PRELIMINARY STATEMENT

1.     This is a proceeding to recover damages for violations of Federal and New York law governing minimum wages, overtime pay and the ownership of gratuities.

2.     Plaintiffs work as waiters, captains, busboys, and dish transporter, at the Jing Fong Restaurant, Inc. ("Jing Fong"), owned and operated by the individual Defendants in New York, New York. Jing Fong was the subject of litigation in 1997 raising the same issues raised here.

3.     The 1997 litigation was settled with a monetary payment to the employees and an assurance Jing Fong would comply with all applicable federal and state minimum wage and tip allocation laws. Jing Fong has ignored its promise to comply with the law, and ignored the laws that protect workers like the Plaintiffs compelling Plaintiffs to bring this action.

4.     As described herein, Defendants failed to pay Plaintiffs minimum wages and overtime wages as required under state and federal law.

5.      Defendants also illegally retained a portion of gratuities that the Plaintiffs earned during their employment and were entitled to retain.

6.      In addition, Defendants illegally imposed an involuntary tip pooling system that allocated tips pursuant to the discretion of the Defendants rather than determination by the recipients of the tips.

7.      ~~Finally, Defendants failed to reimburse Plaintiffs for the costs of purchasing and~~ cleaning required uniforms, in violation of state and federal law.

8.      Defendants committed each of this actions in willful violation of their legal obligations and in violation of the terms of Jing Fong's October 1997 Settlement Agreement in the prior litigation, Chan v. Jing Fong Restaurant, Inc., 97 Civ. 0388 (JSR), and its Assurance of Discontinuance with the Attorney General of the State of New York, under which Jing Fong promised to abide by relevant sections of the Ne York State Labor Law.

9.      Due to Defendants' continuing violations of federal and state law and the breach of their promises under the Settlement Agreement and Assurance of Discontinuance, Plaintiffs are entitled to: (1) unpaid minimum wages; (2) unpaid overtime differential; (3) reimbursement for gratuities unlawfully retained or distributed by Defendants; (4) reimbursement for the costs of purchasing and/or cleaning required uniforms; (5) liquidated damages; and (6) attorneys' fees and costs as provided by statute.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. § 1331.

11.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2

12.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiffs

13.    Plaintiff Fei Hang Chen has been employed by the Defendants as a waiter and head waiter at Jing Fong Restaurant from approximately August 1995 to present.

14.    Plaintiff Tai Ho Wan has been employed by the Defendants as a waiter and headwaiter at Jing Fong Restaurant from approximately September 2004 to present.

15.    Plaintiff Lan Lin has been employed by the Defendants as a waiter at Jing Fong Restaurant from approximately March 1997 to present.

16.    Plaintiff Wei Jian Ma has been employed by the Defendants as a busboy and waiter at Jing Fong Restaurant from approximately May 2004 to present.

17.    Plaintiff Hong Hui Su has been employed by the Defendants as a waiter, dish transporter, assistant team leader, and team leader of dish transportation at Jing Fong Restaurant from approximately February 2005 to present.

18.    Plaintiff Danny Wong aka Tin Cho Wong has been employed by the Defendants as an Assistant Captain and a Captain at Jing Fong Restaurant from approximately May 2004 to July 31, 2007.

19.    Plaintiff Wan Ya Wong has been employed by the Defendants as an Assistant Captain at Jing Fong Restaurant from approximately June 1993 to present.

20.    Plaintiff Wei Hua Wu has been employed by the Defendants as a busboy, waiter, headwaiter and assistant captain at Jing Fong Restaurant from approximately April 1993 to present.

21.    Plaintiff Xue Bin Zhang has been employed by the Defendants as a busboy and waiter at Jing Fong Restaurant from approximately October 1993 to present.

22.    Plaintiff Ying Jun Zhao has been employed by the Defendants as a waiter, assistant captain and captain at Jing Fong Restaurant from approximately December 1992 to present.

23.    Plaintiff Zen Quan Zhao has been employed by the Defendants as a Captain at Jing Fong Restaurant from approximately May 2004 to present.

24.    Plaintiff Zhong Liu has been employed by the Defendants as a busboy, waiter and headwaiter at Jing Fong Restaurant from approximately January 1993 to present.

25.    Plaintiff You Si Huang was employed by the Defendants as a busboy and waiter at Jing Fong Restaurant from before June 2002 to about June 2006.

**Defendants**

26.    Upon information and belief, Jing Fong Restaurant, Inc. is a New York corporation with a principal place of business at 20 Elizabeth Street, New York, New York.

27.    Upon information and belief, Jing Fong Restaurant, Inc. operates a restaurant that does business under the name "Jing Fong Restaurant" at 20 Elizabeth Street, New York.

28.    Defendant Shui Ling Lam, on information and belief, is an owner, shareholder, and Chair of the Board of Jing Fong Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, establish their wages, set their work schedules, and maintain their employment records.

29.    Defendant Yau Ming Lam, on information and belief, is an owner, shareholder, and general manager of Jing Fong Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong

4

Restaurant, establish their wages, set their work schedules, and maintain their employment records.

30.     Defendant Chun Tsui, on information and belief, is an owner and manager of Jing Fong Restaurant, Inc.  On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, Inc. establish their wages, set their work schedules, and maintain their employment records.

31.     Defendant Chung Ko Cheung, on information and belief, is an owner and manager of Jing Fong's Restaurant, Inc.  On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, Inc. establish their wages, set their work schedules, and maintain their employment records.

32.     Defendant Pok Man Leung, on information and belief, is an owner and manager of Jing Fong's Restaurant, Inc.  On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, Inc. establish their wages, set their work schedules, and maintain their employment records.

33.     Defendant K. Ming Lam, on information and belief, is an owner and manager of Jing Fong's Restaurant, Inc.  On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Jing Fong Restaurant, Inc. establish their wages, set their work schedules, and maintain their employment records.

## STATEMENT OF FACTS

34.     Plaintiffs have been employed as waiters, captains, busboys, and dish transporter by Defendants at the Jing Fong Restaurant, Inc. beginning at various times as early as approximately January 1993, and are currently employed there today, as described above.

35.     Defendants are aware of federal and state labor law requirements regarding minimum wage and tip distribution, and have been found guilty of violating them before.

36.    In January 1997, the Attorney General of the State of New York brought a proceeding against Defendant Jing Fong Restaurant, Inc. for violations of New York State labor laws relating to its wage and tipping payment practices. A group of waiter-employees brought a companion suit in this Court alleging violations of both federal and state labor laws.

37.    On or about October 29, 1997, Defendant Jing Fong Restaurant, Inc. entered into an Assurance of Discontinuance pursuant to Executive Law Section 63(15) (the "Assurance of Discontinuance") with the Attorney General of the State of New York.

38.    On or about October 30, 1997, Defendant Jing Fong Restaurant, Inc. entered into a Settlement Agreement with the group of Jing Fong waiter-employees in regard to the suit brought in this Court.

39.    The Assurance of Discontinuance and Settlement Agreement required Jing Fong to pay $1,145,000 in restitution and damages to the Attorney General to be distributed to Jing Fong waiters and busboys employed at the restaurant during the relevant time.

40.    The Assurance of Discontinuance required Jing Fong to refrain from all violations of Labor Law Section 652(2) and 12 NYCRR Sections 137-1.4, and pay all persons employed by the restaurant the proper minimum wage and overtime wage required by law.

41.    The Assurance of Discontinuance required Jing Fong to refrain from all violations of Labor Law Section 196-d and explicitly obligates Jing Fong not to accept or retain, directly or indirectly, any part of the gratuities received by any employee of the restaurant; not to direct or participate in the tip collection and distribution process, and mandates that the tip distribution process be solely determined by and operated by all of directly tipped employees at the restaurant.

42.    As part of its settlement of claims, Jing Fong agreed to refrain from all violations of the FLSA 29 U.S.C. §§ 201 et seq., and the New York Labor law §§ 190 et seq. and §§650 et

6

seq., and § 215 and to pay the plaintiffs proper minimum wages and overtime. The Settlement Agreement also provides that if Jing Fong intends to take the tip credit, it must inform plaintiffs of section 203(m) of the FLSA; must not demand, accept, or retain, directly or indirectly, any of the tips received by plaintiffs, nor direct or participate in the tip collection and distribution process; must not deduct money from plaintiffs' wages without their written consent; must maintain wage and hour records for plaintiff, and must reimburse plaintiffs for the cost and maintenance of uniforms.

43.     At all relevant times, the Fair Labor Standards Act, 29 U.S.C. § 206, required the Defendants to pay the Plaintiffs a minimum wage of $5.15 per hour (9/1/97 to 7/23/07), $5.85 per hour (7/24/07 to 7/23/08), and $6.55 per hour (7/24/08 to 7/23/09).

44.     At all relevant times, the New York Minimum Wage Act, N.Y. Lab. Law § 652, 12 NY OCCRR Part 137-1.2, required Defendants to pay Plaintiffs a minimum wage of $5.15 per hour (4/1/00 to 12/31/04), $6.00 per hour (1/1/05 to 12/31/05), $6.75 per hour (1/1/06 to 12/31/06), and $7.15 per hour (on and after 1/1/07).

45.     Notwithstanding the settlement of the prior state and federal actions, Defendants continued to violate the state and federal wage laws in various ways, described below.

46.     First, Defendants illegally retained a portion of the "service charge" they assessed their "banquet customers", rather than treating the charge as a gratuity payable to the Plaintiffs, in violation of New York Labor Law Section 196-d. New York Labor Law prohibits employers from retaining "any part of a gratuity or of any charge purported to be a gratuity for an employee." New York Labor Law Section 196-d. The statute's purpose is to ensure service employees actually receive the tips given to them by the public and to prohibit employers from engaging in the deceptive practice of confiscating tips in order to pay wages. The "service charge" paid by customers is considered a "gratuity" under New York law, because, among other

7

things, the Defendants represented or allowed their customers to believe that the charges were in fact gratuities for their employees.

47.    Second, Defendants illegally used the gratuity pool to pay restaurant expenses, in violation of New York Labor Law Section 196-d, by taking a portion of the tip pool and using it to pay a fixed portion of the salaries of part-time busboys and dim sum servers. New York law prohibits an employer from "directly or indirectly" demanding or accepting employee gratuities. New York Labor Law Section 196-d.

48.    Third, Defendants' violation of New York Labor Law Section 196-d, by retaining a part of the gratuities, rendered Defendants ineligible to receive the tip credit required to satisfy New York overtime and minimum wage laws. New York law permits an employer to pay tipped employees at an hourly rate that is less than the minimum wage, provided that the employee receives the tips and that the tips when added to the cash wage are equal to or exceed the minimum wage in effect. Defendants' retention of a portion of the gratuity made Defendants ineligible to receive the tip credit. New York Labor Law Section 652(4). Therefore, the wages paid to the Plaintiffs did not satisfy New York minimum wage or overtime wage requirements.

49.    Fourth, Defendants improperly took a tip credit under federal law and, in so doing, violated federal overtime and minimum wage laws. Federal law permits an employer to pay tipped employees an hourly rate less than the federal minimum wage, by allowing an employer to credit a portion of the actual amount of tips received by the employee against the required hourly minimum wages, only if the employer has informed the tipped employee of the statutory requirements related to the tip credit, and all tips received by such employee have been retained by the employee. Tips can be pooled but only among employees who customarily and regularly receive tips. 29 U.S.C. § 203(m). Defendants violated the foregoing requirements for taking a tip credit under federal law, because Defendants failed to adequately inform employees

of the statutory requirements related to the tip credit, and tips from the tip pool were distributed to employees who do not customarily and regularly receive tips.

50.    Fifth, Defendants violated federal wage laws by paying a fixed portion of the wages of the part-time workers out of the tip pool.

51.    Sixth, Defendants violated federal wage laws by improperly exerting influence over the distribution of the tip pool, and setting or directing the allocation and distribution, including but not limited to a fixed portion to the dim sum servers.

52.    Seventh, Defendants violated New York law by failing to reimburse Plaintiffs for the cost of purchasing and maintaining required employee uniforms, including special jackets, which would not be worn as part of the employees' ordinary wardrobe.

**FIRST CAUSE OF ACTION**
**(Minimum Wages Under the Fair Labor Standards Act)**

53.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

54.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

55.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA.

56.    Defendants failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

57.    Due to Defendants' Fair Labor Standards Act violations, Plaintiffs are entitled to recover from Defendants, jointly and severally their unpaid minimum wages plus liquidated damages equal to their back-pay award and reasonable attorneys' fees and costs of the action.

9

## SECOND CAUSE OF ACTION
### (Minimum Wages Under New York Labor Law)

58.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

59.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

60.    Defendants failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, N.Y.Lab.Law §652.

61.    . Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages equal to one quarter or their back-pay award, and reasonable attorneys' fees and costs of the action, including interest.

## THIRD CAUSE OF ACTON
### (Overtime Wages Under the Fair Labor Standards Act)

62.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

63.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

64.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA.

65.    Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of one and one-half times the regular rate to which plaintiffs were entitled under 29 U.S.C. § 206(a), in violation of 29 U.S.C. § 207(a)(1).

66.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages plus liquidated damages equal to

their back-pay award and reasonable attorneys' fees and costs of the action pursuant to the Fair

Labor Standards Act, specifically 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### (Overtime Wages Under New York Labor Law)

67.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

68.    At all times relevant to this action, Plaintiffs were employed by Defendants within

the meaning of New York Labor Law §§ 2 and 651.

69.    Defendants failed to pay Plaintiffs overtime wages for all hours worked in excess

of forty per week at a wage rate of one and one-half times the regular rate to which Plaintiffs

were entitled, in violation of 12 N.Y.C.R.R. 137-1.3.

70.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to

recover from Defendants, jointly and severally, their unpaid overtime wages, liquidated damages

equal to one quarter of their back-pay-award, and reasonable attorneys' fees and costs of the

action, including interest.

## FIFTH CAUSE OF ACTION
### (Claim for Retained Gratuities Under the Fair Labor Standards Act)

71.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

72.    At all times relevant to this action, Plaintiffs were "tipped employee(s)" within

the meaning 29 U.S.C. § 203(t).

73.    At all times relevant to this action, Plaintiffs were engaged in commerce or the

production of goods for commerce, or were employed by an enterprise engaged in commerce or

in the production of goods for commerce within the meaning of the FLSA.

74.    Defendants illegally retained a portion of the tip pool in violation of 29 U.S.C. §

203(m).

75.    Defendants fail to inform plaintiffs of the provisions of 29 U.S.C. § 203(m).

11

76.    Due to Defendants' Fair Labor Standards Act violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the full minimum wage and overtime pay in addition to gratuity payments that were retained by Defendants, plus liquidated damages equal to their monetary award, and reasonable attorneys' fees and costs of the action, pursuant to the Fair Labor Standards Act.

### SIXTH CAUSE OF ACTION
**(Claim For Retained Gratuities Under New York Labor Law)**

77.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

78.    At all times relevant to this action, Plaintiffs were employed by Defendants as food service workers and received from customers gratuities for their services.

79.    At all times, Defendants controlled the tip collection and distribution process in violation of New York Labor Law § 196-d.

80:    Defendants demanded and retained a portion of the gratuities, in violation of New York Labor Law § 196-d.

81.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the gratuity payments that were retained by Defendants, liquidated damages equal to one quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 198.

### SEVENTH CAUSE OF ACTION
**(Claim for Gratuities Controlled and Distributed by Defendants Under FLSA and New York Labor Law)**

82.    Plaintiffs repeat and reallege all the allegations in the paragraphs above.

83.    At all times relevant to this action, Plaintiffs were employed by Defendants as food service workers and received from customers gratuities for their services.

84. At all times, Defendants controlled the tip collection and distribution of tip shares or amounts, in violation of New York Labor Law § 196-d and FLSA, 29 U.S.C. § 203(m).

85. Due to Defendants' violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the unequal gratuity payments that were given to other employees by Defendants, liquidated damages and reasonable attorneys' fees and costs of the action, including interest pursuant to New York Labor Law § 198 and FLSA, 29 U.S.C. § 216(b).

## EIGHTH CAUSE OF ACTION
### (Reimbursement For Required Uniforms Under New York Labor Law)

86. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

87. Defendants required Plaintiffs to purchase and maintain uniforms but failed to reimburse them for these uniform-related expenses or to compensate them, according to the New York Labor Law and the New York Minimum Wage Act and its regulations, specifically 12 N.Y.C.R.R. § 137-1.8 and 29 U.S.C. 2006.

88. Due to Defendants' violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the legally required reimbursements for the maintenance of uniforms, the cost of purchasing such uniforms, liquidated damages, and reasonable attorneys' fees and costs for the action, including interest, pursuant to New York Labor Law § 663(1) and 29 U.S.C. § 216(b).

## NINTH CAUSE OF ACTON
### (Compensation as Third Party Beneficiaries of Banquet Services Contracts)

89. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

90. Defendants and the banquet customers of defendants ("Banquet Customers") entered into valid, binding contracts for banquet services, including the provision of gratuities to those of Plaintiffs who worked at each banquet so contracted.

13

91.    Although Plaintiffs were not parties to said contracts, said contracts were intended for Plaintiffs' benefit in that said contracts were intended to provide gratuities to Plaintiffs for Plaintiffs' work at said banquets.

92.    Within those contracts, the gratuity benefits to Plaintiffs were not incidental, thereby indicating the assumption by Defendants and Banquet Customers to ultimately provide those gratuities to Plaintiffs.

93.    Nonetheless, in violation of said contracts, Defendants kept for themselves a portion of the gratuities which were to be provided to Plaintiffs, as third party beneficiaries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against the Defendants for the following relief:

A.    Plaintiffs' unpaid minimum wages due under the New York Minimum Wage Act, the New York Labor Law and its regulations and the Fair Labor Standards Act;

B.    Plaintiffs' unpaid overtime wages due under the New York Labor Law and its regulations and the Fair Labor Standards Act;

C.    An amount equal to the portion of table service and banquet gratuities unlawfully retained by Defendants due under New York Labor Law and the Fair Labor Standards Act;

D.    An amount equal to the portion of table service and banquet gratuities unlawfully distributed by Defendants due under New York Labor Law and the Fair Labor Standards Act;

E.    An amount equal to the reimbursable amount due under the New York Labor Law and its regulations for required uniform purchase and maintenance;

F.    Liquidated damages pursuant to New York Labor Law §§ 1981(a), 663(1) and §216(b) of the Fair Labor Standards Act;

G.    Compensatory damages for Defendants' breach of the banquet services contracts;

H.    Prejudgment interest; and

I.    The costs of this action, together with reasonable attorneys' fees, and such other

and further relief as this Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all issues so triable.

Dated: June 30, 2008

GALLET DREYER & BERKEY, LLP

By: _David T. Azrin_ _____

David T. Azrin, Esq.

845 Third Avenue, 8th Floor
New York, New York 10022
Tel. (212) 935-3131
Email: dta@gdblaw.com

*Co-Counsel for Plaintiffs*

FONG & WONG, PC
Robert Wong, Esq.
254 Canal Street
New York, New York 10013
Tel. (212) 966-6668
Email: robertwong@fongandwong.com

*Co-Counsel for Plaintiffs*

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the defendants on July 1, 2008, by mailing a copy to each of the defendants at 20 Elizabeth Street, New York, NY 10013.

_____
David T. Azrin

16

# EXHIBIT C

Michael J. DiMattia
Philip A. Goldstein
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------ X

WANG KE SHU, YI ZHAO RUAN, WEN HUI LUO,  :  Index No. 2008/106857
MICHAEL CHEUNG, LIN HONG HE, LIN SHAN
NUAN, YONG JIE CHEN, SEN HA CHEN,  :  **NOTICE OF FILING**
KAM TONG MAK, RUI GUAN CHEN, HANG YI  :  **OF NOTICE OF**
CHEN, FEI HONG CHEN,  **REMOVAL**

                   Plaintiffs,  :

               v.  :

JING FONG RESTAURANT, INC., SHUI LING  :
LAM, CHUN TSUI, CHUNG KO CHENG, POK  :
MAN LEUNG, and CHEN KWOK CHENG,  :

               Defendants.  :

------------------------------------------------------------------ X

TO THE CLERK OF COURT:

      NOTICE IS HEREBY GIVEN that Defendants Jing Fong Restaurant, Inc., Shui

Ling Lam, Chun Tsui, Chung Ko Cheng, Pok Man Leung and Chen Kwok Cheng have removed

the above-captioned case pursuant to the Notice of Removal filed in the United States District

Court for the Southern District of New York, on August 19, 2008. (Exhibit A attached hereto).

Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the

case is remanded."

\6482343.1

Dated: New York, New York
       August 19, 2008

                              McGUIREWOODS LLP

                        By: _____
                              Michael J. DiMattia
                              Philip A. Goldstein
                              McGuireWoods LLP
                              1345 Avenue of the Americas, 7th Floor
                              New York, New York 10105-0106
                              (212) 548-2100
                              Attorneys for Defendants

\6482343.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WANG KE SHU, YI ZHAO RUAN, WEN HUI LUO,
MICHAEL CHEUNG, LIN HONG HE, LIN SHAN                  Case No.___Civ._____
NUAN, YONG JIE CHEN, SEN HA CHEN,
KAM TONG MAK, RUI GUAN CHEN,
HANG YI CHEN, FEI HONG CHEN,

          Plaintiffs,

   v.

JING FONG RESTAURANT, INC., SHUI LING LAM,
CHUN TSUI, CHUNG KO CHENG, POK MAN LEUNG,
and CHEN KWOK CHENG,

          Defendants.

---

## NOTICE OF REMOVAL

---

Michael J. DiMattia
Philip A. Goldstein
**McGuireWoods, LLP**
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
(212) 548-2100

\6494098.2