Michael J. DiMattia (MD-0473)
Philip A. Goldstein (PAG-0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendant Jing Fong Restaurant, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
WANG KE SHU, YI ZHAO RUAN, WEN HUI LUO,  :  **ECF Case**
MICHAEL CHEUNG, LIN HONG HE, LIN SHAN    :
NUAN, YONG JIE CHEN, SEN HA CHEN, KAM    :  Case No: 08 CV 7340(JSR)
TONG MAK, RUI GUAN CHEN, HANG YI CHEN,   :
FEI HONG CHEN,                            :
                                          :  **ANSWER**
                        Plaintiffs,       :
                                          :
            -against-                     :
                                          :
JING FONG RESTAURANT, INC., SHUI LING     :
LAM, CHUN TSUI, CHUNG KO CHENG, POK       :
MAN LEUNG, and CHEN KWOK CHENG,           :
                                          :
                        Defendants.       :
                                          :
------------------------------------------------------------------ X

Defendant Jing Fong Restaurant, Inc. ("Defendant" or "Jing Fong") by and through its attorneys McGuireWoods LLP, answers the Complaint ("Complaint") as follows:

## AS TO THE PRELIMINARY STATEMENT

1.      The allegations of Paragraph 1 contain a characterization of the Complaint by Plaintiffs that do not require any admissions or denials by Defendant. To the extent that Paragraph 1 contains any allegations, Defendant denies each and every allegation contained in the Paragraph 1 of the Complaint.

1

2. Denies each and every allegation in Paragraph 2 of the Complaint, except states that Jing Fong was the subject of litigation in 1997, that the plaintiffs in the 1997 litigation worked at Jing Fong and that a settlement was reached in that 1997 litigation between the parties that was memorialized in a Settlement Agreement and that document speaks for itself.

3. Denies each and every allegation in Paragraph 3 of the Complaint, except states that Jing Fong was the subject of litigation in 1997, that the plaintiffs in the 1997 litigation worked at Jing Fong and that a settlement was reached in that 1997 litigation between the parties that was memorialized in a Settlement Agreement and that document speaks for itself.

4. Denies each and every allegation in Paragraph 4 of the Complaint.

5. Denies each and every allegation in Paragraph 5 of the Complaint.

6. Denies each and every allegation in Paragraph 6 of the Complaint.

7. Denies each and every allegation in Paragraph 7 of the Complaint, except admits that certain Plaintiffs were required to wear uniforms.

8. Denies each and every allegation in Paragraph 8 of the Complaint.

9. Denies each and every allegation in Paragraph 9 of the Complaint.

## AS TO JURISDICTION AND VENUE

10. Denies each and every allegation contained in Paragraph 10 of the Complaint, except admits that Plaintiffs purport to base jurisdiction on the statutes cited therein.

11. Denies each and every allegation contained in Paragraph 11 of the Complaint, except admits that Plaintiffs purport to base venue on the statutes and reasons cited therein.

## AS TO THE PARTIES

## AS TO THE PLAINTIFFS

12. Denies each and every allegation in Paragraph 12 of the Complaint, except admits that Plaintiff Wang Ke Shu was an employee of Jing Fong.

13. Denies each and every allegation in Paragraph 13 of the Complaint, except admits that Plaintiff Yi Zhao Ruan was an employee of Jing Fong.

14. Denies each and every allegation in Paragraph 14 of the Complaint, except admits that Plaintiff Wen Hui Luo was an employee of Jing Fong.

15. Denies each and every allegation in Paragraph 15 of the Complaint, except admits that Plaintiff Michael Cheung was an employee of Jing Fong.

16. Denies each and every allegation in Paragraph 16 of the Complaint, except admits that Plaintiff Lin Shan Nuan was an employee of Jing Fong.

17. Denies each and every allegation in Paragraph 17 of the Complaint, except admits that Plaintiff Lin Hong He was an employee of Jing Fong.

18. Denies each and every allegation in Paragraph 18 of the Complaint, except admits that Plaintiff Yong Jie Chen was an employee of Jing Fong.

19. Denies each and every allegation in Paragraph 19 of the Complaint, except admits that Plaintiff Sen Ha Cheng was an employee of Jing Fong.

20. Denies each and every allegation in Paragraph 20 of the Complaint, except admits that Plaintiff Kam Tong Mak was an employee of Jing Fong.

21. Denies each and every allegation in Paragraph 21 of the Complaint, except admits that Plaintiff Rui Guan Chen was an employee of Jing Fong.

Active\6530737.1

22. Denies each and every allegation in Paragraph 22 of the Complaint, except admits that Plaintiff Hang Yi Chen was an employee of Jing Fong.

23. Denies each and every allegation in Paragraph 23 of the Complaint, except admits that Plaintiff Fei Hong Chen was an employee of Jing Fong.

## AS TO THE DEFENDANTS

24. Admits the allegations in Paragraph 24 of the Complaint.

25. Admits the allegations in Paragraph 25 of the Complaint.

26. Denies each and every allegation contained in Paragraph 26 of the Complaint, except admits that individual defendant Shui Ling Lam is a shareholder and officer of Jing Fong.

27. Denies each and every allegation contained in Paragraph 27 of the Complaint, except admits that during certain periods of time individual defendant Yau Ming Lam has been a manager of Jing Fong and had certain duties relating to Jing Fong's administration of its employee practices and policies.

28. Denies each and every allegation contained in Paragraph 28 of the Complaint, except admits that individual defendant Chun Tsui is a shareholder and manager of Jing Fong.

29. Denies each and every allegation contained in Paragraph 29 of the Complaint, except admits that individual defendant Chung Ko Cheng was a shareholder of Jing Fong.

30. Denies each and every allegation contained in Paragraph 30 of the Complaint, except admits that individual defendant Pok Man Leung is a shareholder of Jing Fong.

31. Denies each and every allegation contained in Paragraph 31 of the Complaint, except admits that individual defendant Chen Kwok Cheng is a manager of Jing Fong.

## AS TO THE STATEMENT OF FACTS

32. Denies each and every allegation contained in Paragraph 32 of the Complaint, except admits that certain of the individual defendants have been employees of Jing Fong.

33. Denies each and every allegation contained in Paragraph 33 of the Complaint, except admits that there are federal and state labor law requirements regarding minimum wage and tip distribution and that Jing Fong has fully complied with all such laws.

34. Denies each and every allegation contained in Paragraph 34 of the Complaint, except admits that in 1997 the Attorney General of the State of New York brought a proceeding and a group of Jing Fong employees brought a separate action against Defendant Jing Fong before this Court and that the complaints filed in both proceedings speak for themselves.

35. Denies each and every allegation contained in Paragraph 35 of the Complaint, except admits that in 1997 Defendant Jing Fong entered into an Assurance of Discontinuance with the Attorney General of the State of New York which contained an express disclaimer of wrongdoing or liability and that document speaks for itself.

36. Denies each and every allegation contained in Paragraph 36 of the Complaint, except admits that in 1997 Defendant Jing Fong entered into a Settlement Agreement with plaintiffs who were Jing Fong employees which contained an express disclaimer of wrongdoing or liability and that document speaks for itself.

37. Denies each and every allegation contained in Paragraph 37 of the Complaint, except admits that in 1997 Defendant Jing Fong entered into an Assurance of Discontinuance with the Attorney General of the State of New York and in 1997 Defendant Jing Fong entered into a Settlement Agreement with the plaintiffs who were Jing Fong employees both of which contained an express disclaimer of wrongdoing or liability and that these documents speak for themselves.

38. Denies each and every allegation contained in Paragraph 38 of the Complaint, except admits that in 1997 Defendant Jing Fong entered into an Assurance of Discontinuance with the Attorney General of the State of New York and that this document speaks for itself.

39. Denies each and every allegation contained in Paragraph 39 of the Complaint, except admits that in 1997 Defendant Jing Fong entered into an Assurance of Discontinuance with the Attorney General of the State of New York and that this document speaks for itself.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint, except admits that in 1997 Defendant Jing Fong entered into an Assurance of Discontinuance with the Attorney General of the State of New York and in 1997 Defendant Jing Fong entered into a Settlement Agreement with the plaintiffs who were Jing Fong employees and that these documents speak for themselves.

41. Denies each and every allegation contained in Paragraph 41 of the Complaint, except admits that 29 U.S.C. § 206 sets the federal requirements for minimum wages, that this statute speaks for itself, and that Jing Fong has fully complied with this statute.

42. Denies each and every allegation contained in Paragraph 42 of the Complaint, except admits that New York Labor Law § 652 sets the New York State requirements for minimum wages, that this statute speaks for itself, and that Jing Fong has fully complied with this statute.

43. Denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Denies each and every allegation contained in Paragraph 46 of the Complaint, except admits that 12 N.Y.C.R.R. 137-1.3 is a minimum wage order for the restaurant industry promulgated by the New York State Department of Labor, that this regulation speaks for itself, and that Jing Fong has fully complied with this regulation.

47. Denies each and every allegation contained in Paragraph 47 of the Complaint, except admits that certain Plaintiffs herein have at certain times worked in excess of forty (40) hours per week.

48. Denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Denies each and every allegation contained in Paragraph 49 of the Complaint, except states that customers have left gratuities.

50. Denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Denies each and every allegation contained in Paragraph 51 of the Complaint, except admits that Plaintiffs worked at banquets.

52. Denies each and every allegation contained in Paragraph 52 of the Complaint.

53. Denies each and every allegation contained in Paragraph 53 of the Complaint.

54. Denies each and every allegation contained in Paragraph 54 of the Complaint

55. Denies each and every allegation contained in paragraph 54, except admits that certain Plaintiffs were required to wear uniforms.

56. Denies each and every allegation contained in Paragraph 55 of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION
**Minimum Wages Under the Fair Labor Standards Act**

57. Repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Admits that Jing Fong employed Plaintiffs within the meaning of the FLSA.

59. Admits the allegations in Paragraph 59 of the Complaint.

60. Denies each and every allegation contained in Paragraph 60 of the Complaint.

61. Denies each and every allegation contained in Paragraph 61 of the Complaint.

8

## AS TO THE SECOND CAUSE OF ACTION
### Minimum Wages Under the New York Labor Law

62. Repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. Admits that Plaintiffs were employed by Jing Fong within the meaning of the New York Labor Law.

64. Denies each and every allegation contained in Paragraph 64 of the Complaint.

65. Denies each and every allegation contained in Paragraph 65 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION
### Overtime Wages Under the Fair Labor Standards Act

66. Repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. Admits that Plaintiffs were employed by Jing Fong within the meaning of the FLSA.

68. Admits the allegations in Paragraph 68 of the Complaint.

69. Denies each and every allegation contained in Paragraph 69 of the Complaint.

70. Denies each and every allegation contained in Paragraph 70 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

71. Repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

Active\6530737.1

72. Admits that Plaintiffs were employed by Jing Fong within the meaning of the New York Labor Law.

73. Denies each and every allegation contained in Paragraph 73 of the Complaint.

74. Denies each and every allegation contained in Paragraph 74 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
### Tip Credit Claim Under the Fair Labor Standards Act

75. Repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 74 of the Complaint as if fully set forth herein.

76. Admits the allegations in Paragraph 76 of the Complaint.

77. Admits the allegations in Paragraph 77 of the Complaint.

78. Denies each and every allegation contained in Paragraph 78 of the Complaint.

79. Denies each and every allegation contained in Paragraph 79 of the Complaint.

80. Denies each and every allegation contained in Paragraph 80 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION
### Claim for Retained Gratuities Under
### the New York Labor Law

81. Repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 80 of the Complaint as if fully set forth herein

82. Denies each and every allegation contained in Paragraph 82 of the Complaint, except states that Plaintiffs worked at Jing Fong and that these Plaintiffs received gratuities on certain occasions.

83. Denies each and every allegation contained in Paragraph 83 of the Complaint.

84. Denies each and every allegation contained in Paragraph 84 of the Complaint.

85. Denies each and every allegation contained in Paragraph 85 of the Complaint.

### AS TO THE SEVENTH CAUSE OF ACTION
### Claim for Gratuities Controlled and Distributed by Defendants Under FLSA and New York Labor Law

86. Repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87. Denies each and every allegation contained in Paragraph 87 of the Complaint, except states that Plaintiffs worked at Jing Fong and that these Plaintiffs received gratuities on certain occasions.

88. Denies each and every allegation contained in Paragraph 88 of the Complaint.

89. Denies each and every allegation contained in Paragraph 89 of the Complaint.

### AS TO THE EIGHTH CAUSE OF ACTION
### Reimbursement for Required Uniforms Under New York Labor Law

90. Repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 89 of the Complaint as if fully set forth herein.

11

91. Denies each and every allegation contained in Paragraph 91 of the Complaint.

92. Denies each and every allegation contained in Paragraph 92 of the Complaint.

## AS TO THE NINTH CAUSE OF ACTION
### Breach of Contract Under New York Law

93. Repeats and realleges each and every response to the allegations contained in Paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94. Denies each and every allegation contained in Paragraph 94 of the Complaint.

95. Denies each and every allegation contained in Paragraph 95 of the Complaint.

96. Denies each and every allegation contained in Paragraph 96 of the Complaint.

97. Denies each and every allegation contained in Paragraph 97 of the Complaint.

98. Denies the allegations set forth in the paragraph with the heading "Prayer for Relief".

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

Active\6530737.1

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because, at all times relevant hereto, Jing Fong has acted in good faith and has not violated any rights that may be secured to Plaintiffs under any federal, state, or local laws, rules, regulations or guidelines.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part based on the applicable statute of limitations.

## FOURTH DEFENSE

Each and every action taken by Jing Fong with respect to Plaintiffs was justified by business necessity.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Jing Fong's actions at all times were motivated by legitimate business reasons.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches or ratification.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the parol evidence rule.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they have failed to satisfy the applicable statutory prerequisites for their purported claims.

## TENTH DEFENSE

Plaintiffs have failed to establish that any alleged violations were willful.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because of their failure to mitigate their damages.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack the requisite standing to bring a breach of contract claim.

## THIRTEENTH DEFENSE

Plaintiffs have failed to state a claim for punitive damages.

## FOURTEENTH DEFENSE

Plaintiffs have failed to state a claim for prejudgment interest.

## FIFTEENTH DEFENSE

Plaintiffs have failed to state a claim for liquidated damages.

## SIXTEENTH DEFENSE

The relief sought by Plaintiffs is barred, in whole or in part, because, at all relevant times, Jing Fong acted in good faith with respect to Plaintiffs and had reasonable grounds to believe that its conduct did not violate any applicable law.

## SEVENTEENTH DEFENSE

The relief sought by Plaintiffs is barred, in whole or in part, by the fact that they were paid all compensation and benefits to which they were lawfully entitled and to which they voluntarily agreed and expected.

### EIGHTEENTH DEFENSE

Plaintiffs have failed to state a claim because any alleged deductions were authorized by the employees and were for the benefit of the employees.

### NINETEENTH DEFENSE

Jing Fong reserves the right to assert that some or all of Plaintiffs' claims and/or their demands for relief are barred or are otherwise not actionable because of the after acquired evidence doctrine and conduct of Plaintiffs if the facts reveal this to be the case upon completion of discovery.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part because Jing Fong has fully complied with any notification requirements under federal, state and local law.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, based on the documentary evidence.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred because there was no contract between the parties.

### TWENTY-THIRD DEFENSE

Jing Fong reserves the right to assert additional affirmative and other defenses as they become known during the course of discovery.

WHEREFORE, Jing Fong demands judgment as follows:

a) Enter judgment dismissing the Complaint in its entirety with prejudice;

b) Granting Jing Fong the costs and disbursements incurred in connection with this action, including attorneys' fees; and

c) For such other and further relief as this Court deems just and proper.

Dated: September 4, 2008
New York, New York

**McGUIREWOODS LLP**

By: _____
Michael J. DiMattia (MD-0473)
Philip A. Goldstein (PAG-0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
Counsel for Defendant Jing Fong Restaurant, Inc.

To: Justin A. Zeller, Esq.
Law Office of Justin A Zeller, P.C.
251 West 14th Street, 5th floor
New York, New York 10011
(212) 229-2249